IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IRIS MCCLAIN, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:19-cv-01976-PX |
| GARY A. ROSEN, *et al.* | * | |
| Appellees. | * | |

## MEMORANDUM OPINION

Pending before the Court is pro-se debtor and appellant Iris McClain's appeal of a June 20, 2019 order by the United States Bankruptcy Court for the District of Maryland, ECF No. 6-2, denying McClain's "Motion to Reopen Chapter 7 Case to Set Aside the Consent Order Resolving Objection to Proof of Claim, Restore the Debtor to the Same Legal Standing Before the Consent Order and Grant the Relief Prayed Including Summary Judgment" (the "Motion to Reopen"). ECF No. 7. The Bank of New York Mellon, in its capacity as Trustee for the GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("BONY"), and Wells Fargo Bank, N.A., in its capacity as servicer for the GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("Wells Fargo") (collectively BONY and Wells Fargo and referred to as "Appellees") contest the appeal. ECF No. 9. McClain has also filed a motion to grant the relief requested in her appeal. ECF No. 10. For the reasons that follow, the orders of the bankruptcy court are affirmed and McClain's motion to grant the relief requested is denied.

**I.** **Background**

In April 1997, McClain received a mortgage loan of $141,367 secured by her home at 209 Herrington Dr., Upper Marlboro, Maryland 20774. ECF No. 8-1 at 16. Wells Fargo was the

creditor and servicer of that mortgage loan. *Id.* In July 2009, McClain initiated a Chapter 13 bankruptcy action to avoid foreclosure on her home after she defaulted on her mortgage payments. *In re McClain*, No. 09-22554 (Bankr. D. Md. 2009). BONY, in response and in its capacity as Trustee, filed a Proof of Claim and three Amended Proofs of Claim. ECF Nos. 8-55, 8-56, 8-57. The last amended Proof of Claim asserted that McClain owed $168,806.95, as modified by her 2007 loan modification agreement. ECF Nos. 8-57, 6-32. McClain objected, challenging the terms of her 2007 loan modification agreement, the accounting of her mortgage loan, and the applicable interest rate. ECF No. 8-19.

    McClain's objection to BONY's Third Amended Proof of Claim was called for a hearing before the Bankruptcy Court on November 2, 2011. ECF No. 8-38. At that time, the parties, both of whom were represented by counsel, jointly submitted to the Bankruptcy Court an agreed Consent Order (the "11/2/11 Consent Order") resolving McClain's objections. ECF Nos. 6-40, 8-38. The 11/2/11 Consent Order makes clear that McClain expressly withdrew her objections with prejudice and agreed to the accounting on her loan. ECF No. 8-38. In exchange, BONY filed a Fourth Amended Proof of Claim reflecting the agreed upon $3,933.62 reduction in prepetition arrearage. ECF Nos. 8-38, 8-58.[1] McClain's 2009 Bankruptcy was converted to a Chapter 7 and was closed on September 25, 2012. ECF No. 8-59 at 9, 4.

    Seven years later, on June 15, 2019, McClain filed a Motion to Reopen her 2009 Bankruptcy, seeking to vacate the 11/2/11 Consent Order. ECF No. 8-49. In the period between the dismissal of her 2009 Bankruptcy and the filing of her 2019 Motion to Reopen, McClain filed two additional bankruptcies, and two lawsuits against BONY, Wells Fargo, and others,

---

[1] McClain tangentially argues that the 11/2/11 Consent Order was a contingent order and that the contingency was never satisfied. ECF No. 7 at 8. This argument fails as the Fourth Amended Proof of Claim, ECF No. 8-58, reflects the agreed-upon reduction in the prepetition arrearage.

which sought to re-litigate the same issues concerning the accounting and interest rate applicable to her mortgage loan that had been resolved in the 11/2/11 Consent Order. One of the bankruptcies, filed on March 16, 2015, was dismissed on September 8, 2016 for failure to file a confirmable plan. *See In re McClain*, No. 15-13657 (Bankr. D. Md. 2015) (Chapter 13). The other, filed on September 8, 2016 and closed on July 2, 2019, is the subject of a companion appeal before this Court in Case No. 8:19-cv-01978-PX. The lawsuits were separately dismissed by the District Court, citing the preclusive effect of the 11/2/11 Consent Order, and both were affirmed by the Fourth Circuit Court of Appeals. *McClain v. Wells Fargo Bank, N.A.*, 2018 WL 1271231 (D. Md. Mar. 8, 2018), *aff'd*, 738 F. App'x 797 (4th Cir. 2018); *McClain v. Wells Fargo Home Mortgage/Wells Fargo Bank, N.A.*, 2018 WL 8968242 (D. Md. October 12, 2018), *aff'd*, 764 F. App'x 299 (4th Cir. 2018).

McClain's Motion to Reopen before the Bankruptcy Court (ECF No. 8-49) sought to unwind the 11/2/11 Consent Order that has precluded her from re-litigating the accounting of her mortgage loan and the interest rate applicable. The Bankruptcy Court denied the motion for two reasons. First, the Bankruptcy Court reasoned that McClain's allegations, even if true, did "not satisfy the heavy burden bore by a party seeking vacatur of a consent order." ECF No. 6-2. Second, because the 11/2/11 Consent Order "was entered into by the parties and entered by the court over seven years ago," the Bankruptcy Court found that "the Motion was not filed within a reasonable time as required by Fed. R. Civ. P. 60(c)." *Id.* McClain's appeal of this denial is now before this Court.

II. **Standard of Review**

At bottom, McClain seeks to reopen her bankruptcy case. As "the reopening of a closed case is a discretionary matter, it follows that [appellate] review is limited to determination of

3

whether there was an abuse of discretion on the part of the bankruptcy court in refusing to reopen [the] case." *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326-27 (4th Cir. 1984). The court reviews the Bankruptcy Court's determinations for abuse of discretion. *Id.* at 327. A court abuses its discretion if it "bases[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990).

### III. Analysis

In reviewing the Bankruptcy Court's denial of the motion to reopen, the Court finds that the Bankruptcy Court did not abuse its discretion denying the motion as untimely. In the Motion to Reopen, McClain relied on Federal Rule of Civil Procedure 60(b) and 11 U.S.C. § 350(b). ECF No. 6-1. Federal Rule 60(b) provides that

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b). Subpart (c) of Rule 60 states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pr. 60(c). McClain

4

proceeded under subsections (1), (2), (3), and (6), claiming, among other things, "bad faith," "fraud," and "new evidence." ECF No. 6-1.

Because seven years had passed since the 2009 Bankruptcy case was closed, the Bankruptcy Court denied the motion as untimely under Rule 60(c). The Court can find no basis to conclude that the Bankruptcy Court abused its discretion in so ruling. *Cf. In re Myers*, 2017 WL 2833255, *9 (D. Md. June 30, 2017) (holding that a pro-se debtor's motion to vacate filed five years after the entry of the order dismissing the bankruptcy case was unreasonable); *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 668 (4th Cir. 1995) (affirming district court's ruling that a Rule 60(b) motion was untimely because it was filed "over a year after the event giving rise to the motion.").

Section 350(b) of 11 United States Code does not compel a different result. Section 350(b) allows a bankruptcy case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." A Section 350(b) motion, however, is subject to laches; thus, as more time that passes between the closing of the estate and the request to reopen, "so must also the cause for re-opening increase in weight." *Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir. 1962). Delay is prejudicial when parties incur costs and act in reliance on the closure and finality of the bankruptcy case, *Hawkins,* 727 F.2d at 327, or when the evidence shows a party had "actual knowledge" of the reason to reopen for an "inordinate length of time." *Matter of Bianucci,* 4 F.3d 526, 529 (7th Cir. 1993).

Here, the Bankruptcy Court properly concluded that McClain had ample opportunity to contest the closure of her 2009 Bankruptcy case but waited, inexplicably, *seven years* to mount any challenge whatsoever. Although McClain asserts that "new evidence" justifies the requested relief, the Court sees none that supports vacating a nine-year-old bankruptcy order. Finally,

when considering that Appellants would be substantially prejudiced by reopening a long-closed bankruptcy case, this Court easily concludes that the Bankruptcy Court did not abuse its discretion in denying the motion as untimely.[2]

Accordingly, the rulings of the Bankruptcy Court are AFFIRMED, and McClain's Motion to Grant Relief is DENIED.

|  |  |
|---|---|
|     4/6/2020 |     /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[2] Because the Court affirms the denial of McClain's motion as untimely, it need not reach the Bankruptcy Court's alternative grounds.