IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IRIS MCCLAIN, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:19-cv-01976-PX |
| GARY A. ROSEN, *et al.* | * | |
| Appellees. | * | |

\*\*\*

## OPINION AND ORDER

On April 6, 2020, the Court issued a Memorandum Opinion and Order affirming the United States Bankruptcy Court for the District of Maryland's June 20, 2019 order denying pro-se debtor and appellant Iris McClain's motion to reopen.  ECF Nos. 11, 12.  Now pending before the Court is McClain's Motion for Reconsideration (ECF No. 13).  For the reasons stated below, McClain's motion is DENIED.

### I.     Background

The relevant facts are summarized here.[1]   On July 9, 2009, McClain initiated a Chapter 13 bankruptcy action to avoid foreclosure on her home after she defaulted on her mortgage payments.  *In re McClain*, No. 09-22554 (Bankr. D. Md. 2009) (the "2009 Bankruptcy").  In her 2009 Bankruptcy, McClain objected to BONY's[2] Proofs of Claim, challenging the terms of her 2007 loan modification agreement, the accounting of her mortgage loan, and the applicable interest rate.  However, on November 2, 2011, the Bankruptcy Court accepted and entered a

---

[1] A full recitation of the facts underlying this case can be found in the Court's prior opinion.  *See* ECF No. 11.

[2] The Bank of New York Mellon in its capacity as Trustee for GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("BONY"), and Wells Fargo Bank, N.A., in its capacity as servicer for the GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("Wells Fargo") are the appellees in this case.

Consent Order voluntarily submitted by McClain and BONY that resolved each of McClain's objections (the "Consent Order").  Under the terms of the Consent Order, McClain expressly withdrew her objections with prejudice and agreed to the accounting on her loan.  In exchange, BONY agreed to and filed a Fourth Amended Proof of Claim reducing the amount of its pre-petition arrearage.  McClain's 2009 Bankruptcy was thereafter converted to a Chapter 7 and was closed on September 25, 2012.

McClain has since proceeded to relitigate, unsuccessfully, the issues resolved by the Consent Order.  *See, e.g.*, *McClain v. Wells Fargo Bank, N.A.*, 2018 WL 1271231 (D. Md. Mar. 8, 2018), *aff'd*, 738 F. App'x 797 (4th Cir. 2018); *McClain v. Wells Fargo Home Mortgage/Wells Fargo Bank, N.A.*, 2018 WL 8968242 (D. Md. October 12, 2018), *aff'd*, 764 F. App'x 299 (4th Cir. 2018).  McClain thus filed in July 2019 with the Bankruptcy Court a Motion to Reopen the 2009 Bankruptcy and to Vacate the Consent Order.  The Bankruptcy Court denied the motion, and McClain appealed.

On appeal, this Court held that the Bankruptcy Court did not abuse its discretion in denying McClain's motion as untimely under Federal Rule of Civil Procedure 60(c).  ECF No. 11 at 5.  This Court further reasoned that "[a]lthough McClain asserts that 'new evidence' justifies the requested relief, the Court sees none that supports vacating a nine-year-old bankruptcy order."  *Id.*

 McClain now files a Rule 59(e) Motion for Reconsideration of this Court's Opinion contending primarily that the "facts are twisted" and that she has not had the he opportunity to have [her] matters fairly heard."  ECF No. 13 at 2.

**II.     Standard of Review**

A motion for reconsideration filed within 28 days of the underlying order is governed by

Federal Rule of Civil Procedure 59(e).  Courts recognize three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al*., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."  *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting Wright, *et al*., *supra*, § 2810.1, at 124).

### III.    Analysis

McClain squarely attempts to relitigate the settled facts of this case.  First, she argues that Wells Fargo never satisfied the Consent Order because it never reduced the pre-petition arrearage by the agreed-upon $3933.63.  Second, she argues that the seven-year gap between the closing of her 2009 Bankruptcy case and her filing somehow should be excused because she was not aware of the purported failure to reduce the pre-petition arrearage until late 2017.  ECF No. 13 at 3–4.

Not only does McClain present no "new evidence" unavailable to her at the time she filed

her Motion to Reopen, but her argument is expressly contradicted by the publicly filed and available Fourth Amended Proof of Claim that reflects the agreed-upon reduction in the prepetition arrearage.  ECF No. 8-58 at 2; *see also* ECF No. 102 at 33–36; 57–59, 75, 80–81. McClain has not presented, and the Court cannot find, any evidence that Wells Fargo did not follow through on its obligations under the Consent order.

Alternatively, even if the Court takes at face value that McClain did not learn of Wells Fargo's purported failure to abide by the Consent Order, she still delayed pursuing appropriate relief for almost two years.  *Cf.* Fed. R. Civ. Pro. 60(c); ECF No. 11 at 4–5.  The Court simply cannot find that this fact alone warrants reconsideration of its prior decision.

McClain's Motion for Reconsideration is thus DENIED because she offers no new evidence, no change in controlling law, and no indication of a clear error of law in her Motion. Accordingly, it is this 3rd day of August 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Reconsideration (ECF No. 13) filed by Iris McClain BE, and the same hereby IS, DENIED;

2. The Clerk shall MAIL copies of the foregoing Memorandum Opinion and this Order to the parties.

|  8/3/2020  |  /S/  |
| --- | --- |
| Date | Paula Xinis |
| | United States District Judge |